KOG:2019R00287

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ___ ENTERED
___ LOGGED ___ RECEIVED

OCT 29 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * CRIMINAL NO. JKB-19-0397 |
| | * |
| **MEAN PEACH,** | * (Conspiracy, 18 U.S.C. § 371; Interstate |
| **CHONNATHASON HAS,** | * Transportation of Stolen Property, 18 |
| a/k/a "Bora Has," | * U.S.C. § 2314; Wire Fraud, 18 U.S.C. |
| **EAM PENG CHOU,** | * § 1343; Forfeiture, 18 U.S.C. |
| and | * § 982(a)(2)(A)) |
| **THI VAN HO,** | * |
| | * |
| Defendants. | * |
| | * |

\*\*\*\*\*\*\*

## SUPERSEDING INDICTMENT

### COUNT ONE

(Conspiracy)

The Grand Jury for the District of Maryland charges that at all times relevant to this Indictment:

#### Introduction

1. The defendants **MEAN PEACH ("PEACH"), CHONNATHASON HAS ("HAS"), a/k/a "Bora Has,"** and **EAM PENG CHOU ("CHOU")** were residents of Philadelphia, Pennsylvania.

2. The defendant **THI VAN HO ("HO")** was a resident of Bear, Delaware.

3. Company A, which was located in Linthicum, Maryland, was engaged in the business of manufacturing personal products, such as hair care, hair dye and lotions.

4. Co-conspirator #1, a resident of Bel Air, Maryland, was employed as the Director of Planning, Logistics and Control at Company A. In that position, Co-conspirator #1 was

1

responsible for determining the timing and volume requirements for materials used in the manufacturing operations at Company A. Co-conspirator #1 had the authority to approve payments of invoices submitted by vendors and service providers without obtaining approval from anyone else at Company A.

5. A "shell entity" is a legal business entity registered or incorporated under a state law which does not conduct actual or legitimate business and does not have significant financial or physical assets.

## The Scheme and Artifice to Defraud

6. From in or before August, 2015, and continuing until in or about March, 2019, in the District of Maryland and elsewhere, the defendants,

**MEAN PEACH,
CHONNATHASON HAS,
a/k/a Bora Has,
EAM PENG CHOU,
and
THI VAN HO**

together with Co-conspirator #1 and others known and unknown to the Grand Jury, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud Company A and to obtain money and property by means of materially false and fraudulent pretenses, representations, and material omissions ("the scheme to defraud"), namely that Co-conspirator #1 would approve and submit to Company A false and fraudulent invoices in the names of various shell entities for services and products that had never been provided to Company A for which Company A would issue checks that were then cashed and caused to be cashed by the defendants in Pennsylvania.

## The Conspiracy

7. Beginning in or before August, 2015, and continuing until in or about March, 2019,

in the District of Maryland and elsewhere,

**MEAN PEACH,
CHONNATHASON HAS,
a/k/a "Bora Has,"
EAM PENG CHOU,
and
THI VAN HO**

the defendants, Co-conspirator #1, and other persons known and unknown to the Grand Jury, did knowingly and unlawfully combine, conspire, confederate, and agree together and with each other to commit the following offenses against the United States,:

a.  to unlawfully transport, transmit, transfer and cause to be transported, transmitted, and transferred in interstate commerce securities stolen, converted and taken by fraud and having a value of more than $5,000, in violation of Title 18, United States Code, Section 2314; and

b.  to knowingly execute the scheme to defraud through the use of interstate wires in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy and Scheme to Defraud

8.  The object of the conspiracy and scheme to defraud was for **PEACH, HAS, CHOU,** and **HO**, along with other co-conspirators, to obtain money from Company A through the use of materially false and fraudulent representations by causing the submission of false invoices in the names of various shell entities to Company A for services and products that were never provided to Company A.

### Manner and Means of the Conspiracy and Scheme to Defraud

9.  It was a part of the conspiracy and scheme to defraud that the defendants used a Maryland shell entity in the name of MPC II, LLC ("MPC"). MPC's business address was a mail box in a Mail Bag Plus store located in Elkton, Maryland.

10. It was further a part of the conspiracy and scheme to defraud that the defendants used a New Jersey shell entity in the name of Marka Warehouse System LLC ("Marka"). Marka's business address was a mail box in a UPS Store located in Westmont, New Jersey.

11. It was further a part of the conspiracy and scheme to defraud that the defendants used a Virginia shell entity in the name of SMNI LLC, also known as SMNT LLC (collectively "SMNI"). SMNI's business address was a mail box at a UPS Store located in Arlington, Virginia.

12. It was further a part of the conspiracy and scheme to defraud that **PEACH, HAS, CHOU,** and **HO,** and other co-conspirators, caused to be submitted false and fraudulent invoices in the names of MPC, SMNI and Marka (collectively "the shell entities") to Company A for services and supplies that were never actually provided to Company A.

13. It was further a part of the conspiracy and scheme to defraud that Co-conspirator #1 would approve the false and fraudulent shell entity invoices by initialing the invoices and submitting them to Company A's accounting department for payment.

14. It was further a part of the conspiracy and scheme to defraud that Co-conspirator #1 would sometimes pick up the checks issued by Company A on the false and fraudulent invoices from the accounting department for the purpose of hand-delivering the checks to **HO, HAS** or one of the other co-conspirators.

15. It was further a part of the conspiracy and scheme to defraud that on other occasions, Company A's accounting department would mail the checks issued on the false and fraudulent invoices to the particular shell entity's business address.

16. It was further a part of the conspiracy and scheme to defraud that **PEACH, HAS, CHOU,** and **HO** would transmit and cause to be transmitted the fraudulently obtained Company

4

A checks from the State of Maryland to the State of Pennsylvania and then cash and cause to be cashed those checks at check cashing facilities located in Philadelphia, Pennsylvania.

17. It was further a part of the conspiracy and scheme to defraud that after a Company A check issued to one of the shell entities was cashed, some or all of the co-conspirators would each receive a portion of the proceeds of that check.

18. As a result of the conspiracy and scheme to defraud, the defendants caused Company A to issue approximately $2.4 million in checks for goods and services that it never received.

### Overt Acts

19. In furtherance of the conspiracy and to effect the objects of the conspiracy, at least one of the conspirators performed and caused to be performed one of the following overt acts on or about the dates set forth below in the District of Maryland and elsewhere:

   a. On or about August 4, 2015, Co-conspirator #1 initialed and approved for payment a fraudulent MPC invoice to Company A in the amount of $9,545.

   b. On or about August 18, 2015, Co-conspirator #1 initialed and approved for payment a fraudulent MPC invoice to Company A in the amount of $9,820.

   c. On or about August 24, 2015, **PEACH** filed and caused to be filed Articles of Organization in the State of Maryland for MPC.

   d. On or about September 17, 2015, Co-conspirator #1 initialed and approved for payment a fraudulent MPC invoice to Company A in the amount of $10,485.

   e. On or about September 24, 2015, Co-conspirator #1 initialed and approved for payment a fraudulent MPC invoice to Company A in the amount of $12,845.

   f. On or about November 12, 2015, Co-conspirator #1 initialed and approved for

payment three fraudulent MPC invoices to Company A in the amounts of $12,905, $9,190 and $14,185.

g. On or about August 10, 2016, Co-conspirator #1 initialed and approved for payment two fraudulent MPC invoices to Company A, one in the amount of $18,255 and the other in the amount of $21,305.

h. On or about September 28, 2016, Co-conspirator #1 initialed and approved for payment a fraudulent Marka invoice to Company A in the amount of $44,543.32.

i. On or about November 14, 2016, **CHOU** signed and caused to be signed a State of New Jersey Division of Revenue Public Records Filing for New Business Entity form for the formation of Marka Warehouse System, LLC.

j. On or about December 30, 2016, **PEACH** entered into a mail box rental service agreement in the name of SMNT LLC at the UPS Store #4832, located in Arlington, Virginia.

k. On or about December 30, 2016, **PEACH** signed an Application for Delivery of Mail through Agent with The UPS Store #4832 for SMNT, LLC.

l. On or about January 4, 2017, Co-conspirator #1 initialed and approved for payment a fraudulent Marka invoice to Company A in the amount of $35,055.15.

m. Between on or about December 30, 2016, and February 24, 2017, **HAS** authorized and caused to be authorized UPS Store # 4832 to charge a Master Card credit account held in the name of **HAS** and ending in #2387 for the rental fee for the mail box rented in the name of **PEACH** and SMNT.

n. On or about May 12, 2017, **CHOU** rented and caused to be rented mailbox #168 at The UPS Store #6687.

o. On or about May 18, 2017, Co-conspirator #1 initialed and approved for payment

a fraudulent Marka invoice to Company A in the amount of $47,758.30.

p.  On or about October 19, 2017, **CHOU** executed an Account Resolution form in the name of Marka, authorizing himself to cash checks made payable to Marka at a check cashing facility located in Philadelphia, Pennsylvania.

q.  On or about March 26, 2018, Co-conspirator #1 initialed and approved for payment a fraudulent SMNI invoice to Company A in the amount of $69,050.

r.  On or about April 9, 2018, **PEACH**, as President of SMNI, LLC, and **HAS**, as Operation Manager, executed and caused to be executed a Power of Attorney that authorized **HAS**, among other things, to pick "up all the checks from contracting companies to deposit into the company's bank account, and sometimes cash the checks at checks [sic] cashing place."

s.  On or about June 13, 2018, Co-conspirator #1 initialed and approved for payment a fraudulent Marka invoice to Company A in the amount of $35,621.30.

t.  On or about June 19, 2018, Co-conspirator #1 initialed and approved for payment three fraudulent SMNI invoices to Company A in the amounts of $25,045, $24,360, and $27,590.

u.  On or about August 8, 2018, **HAS** sent by text message a photograph of Company A check #062945, dated July 9, 2018 and made payable to Marka in the amount of $76,995 to **HO.**

v.  On or about August 9, 2018, **HAS** sent by text message a photograph of Company A check #062948, dated July 9, 2018 and made payable to SMNI in the amount of $35,621.30, to **HO,** along with the message "Come get it."

w.  On or about December 1, 2018, the defendants created and caused to be created an email account, smnillc1@gmail.com, with the subscriber name of **MEAN PEACH.**

x.  On or about December 13, 2018, **HAS** accepted and signed a receipt for the delivery of an envelope containing a Company A check made payable to SMNI, LLC in the amount of

7

$49,165, at 5718 N. 3rd Street, Philadelphia, PA 19120.

18 U.S.C. § 371

## COUNTS TWO THROUGH THIRTEEN

(Interstate Transportation of Stolen Property)

And the Grand Jury for the District of Maryland further charges:

1. The allegations of Count One, Paragraphs 1-6 and 8-19, are re-alleged and incorporated herein by reference.

2. On or about the dates set forth below, within the District of Maryland and elsewhere, the defendants,

**MEAN PEACH,
CHONNATHASON HAS,
a/k/a "Bora Has,"
EAM PENG CHOU,
and
THI VAN HO**

did unlawfully transport, transmit, transfer and cause to be transported, transmitted, and transferred in interstate commerce from the State of Maryland to the State of Pennsylvania, the following securities having a value of more than $5,000, knowing said securities to have been stolen, converted and taken by fraud:

| COUNT | DATE | DESCRIPTION OF SECURITY |
|---|---|---|
| 2 | 10/23/15 | Company A check #052015, made payable to MPC II, LLC, in the amount of $10,485 |
| 3 | 10/23/15 | Company A check #052085, made payable to MPC II, LLC, in the amount of $12,845 |
| 4 | 12/22/15 | Company A check #052659, made payable to MPC II, LLC, in the amount of $23,375 |
| 5 | 12/30/15 | Company A check #052764, made payable to MPC II, LLC, in the amount of $12,905 |
| 6 | 12/13/16 | Company A check #056570, made payable to MPC II, LLC, in the amount of $39,440 |

| 7  | 12/13/16 | Company A check #056577, made payable to Marka Warehouse System, LLC, in the amount of $52,770.51 |
| 8  | 12/29/16 | Company A check #056735, made payable to MPC II, LLC, in the amount of $60,015 |
| 9  | 12/29/16 | Company A check #056737, made payable to Marka Warehouse System, LLC, in the amount of $39,364.16 |
| 10 | 8/31/17  | Company A check #059585, made payable to SMNI LLC, in the amount of $47,065 |
| 11 | 3/28/18  | Company A check #061747, made payable to Marka Warehouse System, LLC, in the amount of $33,013.70 |
| 12 | 4/9/18   | Company A check #061839, made payable to SMNI LLC, in the amount of $69,050 |
| 13 | 5/23/18  | Company A check #062525, made payable to SMNI LLC, in the amount of $80,945 |

18 U.S.C. § 2314

## COUNTS FOURTEEN AND FIFTEEN

(Wire Fraud)

The Grand Jury for the District of Maryland further charges:

1. The allegations of Count One, Paragraphs 1-6 and 8-19, are re-alleged and incorporated herein by reference.

2. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendants,

**MEAN PEACH,
CHONNATHASON HAS,
a/k/a "Bora Has"
EAM PENG CHOU
and
THI VAN HO**

for the purpose of executing the scheme and artifice to defraud, transmitted and caused to be transmitted by wire communication in interstate commerce, sounds, writings, signs and symbols, to wit:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 14 | 12/1/18 | an email sent from smnillc1@gmail.com to ap@ccarellc.com in Maryland, demanding payment for two SMNI invoices, which transmission was routed through a server located outside the State of Maryland |
| 15 | 12/2/18 | an email sent from smnillc1@gmail.com to ap@ccarellc.com in Maryland, with two SMNI invoices, which transmission was routed through a server located outside the State of Maryland. |

18 U.S.C. § 1343

# FORFEITURE

The Grand Jury further finds that:

1.   Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § § 371, 1343 and 2314, as alleged in Counts One through Fifteen, the United States shall seek forfeiture of all property, real and personal, which constitutes and is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, a money judgment in an amount that is equal to the value of the proceeds of the scheme to defraud, which amount is at least $2,470,000.

2.   If any of the property described above, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without

difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States



Code, Section 2461(c).

18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853; 28 U.S.C. § 2461(c); F.R.Crim.P. 32.2

Robert K. Hur
United States Attorney for the
District of Maryland

A TRUE BILL:

10/29/19
Date

**SIGNATURE REDACTED**
Foreperson

13